Entered on Docket
August 05, 2014
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**IT IS SO ORDERED.**
Signed August 5, 2014

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-57656-ASW |
| ROSALIE AUBREE GUANCIONE, | Chapter 13 |
| Debtor. | Hrg Date: Aug. 19, 2014<br>Time: 2:30 p.m. |

**MEMORANDUM DECISION ON DEBTOR'S MOTIONS
FOR CONTEMPT AND SANCTIONS**

Before the Court are four motions filed by Debtor, who is pro se, seeking orders finding certain individuals in contempt of court and imposing sanctions (docket nos. 307, 316, 318, and 321).

The individuals for whom Debtor seeks a finding of contempt are Dawn Saindon, whom Debtor alleges is the manager in the Criminal Division of Santa Clara County Superior Court; David Cena, alleged to be an officer of the state court (the Hon. David A. Cena is listed on the Santa Clara County Superior Court website as a judge in Department 42 at the Hall of Justice); John Mark Rorabaugh, an alleged attorney and agent of All Pro Bail Bonds; and Sunil R. Kulkarni, alleged to be an officer of the state court (the Hon. Sunil R. Kulkarni is listed on the Santa Clara County Superior Court website as a judge in Department 50 at the Hall of Justice).

Notably, Debtor states that she is seeking relief against the referenced individuals in their "private capacity"; however, the motions clearly indicate that relief is sought against the individuals in their capacities as agents of the state court.

The conduct complained of appears to be the setting of a hearing or hearings in one or both of two state court criminal cases (the "Criminal Cases") without notice to Debtor, as well as "seeking to steal the value of two bail bonds." After Debtor filed this bankruptcy case, Debtor attempted to remove the Criminal Cases to this Court and to assert counterclaims against the State of California (adversary proceeding nos. 13-5174 and 13-5175, hereafter, the "Adversary Proceedings"). This Court dismissed the Adversary Proceedings by orders entered February 4, 2014, on the grounds that Debtor's notices of removal – to the extent they were appropriate – were untimely, and for lack of jurisdiction because the underlying cases appeared to be criminal matters: the state court case numbers are C1096307 and C1103451, which are criminal case numbers in Santa Clara County Superior Court. In connection with the dismissal of the Adversary Proceedings, this Court gave Debtor an opportunity to file evidence showing that the underlying matters were not criminal in nature. Debtor did not do so. Instead, she cited to Fed. R. Civ. P. 2, which states: "[t]here is one form of action – the civil action." That rule applies only to civil matters, and this Court pointed out that fact in the orders dismissing the Adversary Proceedings.

Debtor's motions demonstrate that Debtor misconstrued the impact of the dismissals of the Adversary Proceedings. Debtor apparently believes that because the Adversary Proceedings were

dismissed rather than remanded, the state court lost jurisdiction over the Criminal Cases. However, remand was not necessary because the cases were not properly removed in the first instance, and this Court never obtained jurisdiction over the Criminal Cases. Further, as pointed out in the orders dismissing the Adversary Proceedings, this Court lacks jurisdiction over criminal matters. This means that, even if this Court's orders could be interpreted as dismissing the Criminal Cases (which was not the stated purpose or intent of such orders), those orders would have no effect.

Debtor seeks relief under several theories. The Court addresses each in turn.

1. <u>Violation of Divestiture Doctrine</u>: Debtor seems to assert that the state court could not exercise jurisdiction over the Criminal Cases because they were removed to this Court and then dismissed. As explained above, this premise is erroneous. The Criminal Cases were not properly removed to this Court, and this Court lacks jurisdiction over them, in any event.

2. <u>Violation of Removal Statute 28 U.S.C. § 1446(d)</u>: This subsection requires a party filing a notice of removal of a civil action to give written notice to all adverse parties and to file a copy of the notice with the clerk of the state court, "which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." As noted in this Court's orders dismissing the Adversary Proceedings, this statute applies to the removal of civil cases, not criminal cases. There is no authority permitting Debtor to remove state court criminal cases to bankruptcy court; thus, Debtor's notice of removal, to the extent one was filed (no evidence has been provided) had no effect.

3. <u>Fraud in scheduling hearings in dismissed case</u>: This theory lacks merit because the Criminal Cases were not (and could not have been) dismissed by any order of this Court.

4. <u>Violation of Due Process</u>: This theory is premised upon Debtor's allegation that she was not notified of the state court hearing that was scheduled for June 30, 2014. As noted, this Court lacks jurisdiction over the Criminal Cases; therefore, this Court cannot grant any relief in those cases.

5. <u>Failure to recognize Debtor's immunity to state court jurisdiction as a secured party creditor</u>: This argument seems to be premised upon Debtor having established a separate entity called ROSALIE GUANCIONE© – possibly a type of trust – and that Debtor individually has a UCC lien on all of the assets of ROSALIE GUANCIONE©. Debtor seems to be saying that her status as a secured creditor shields her from being subject to the jurisdiction of the state courts. Debtor states in the motion that the "California Judicial Council" is seeking to steal the value of two bail bonds owned by ROSALIE GUANCIONE© and "liened" by Debtor, who has the "first and highest standing (UCC-1) commercial lien on all the collateral of ROSALIE GUANCIONE©." As with Debtor's due process argument, to the extent this argument has any merit (and the Court is doubtful that it does), this issue goes beyond this Court's jurisdiction and would need to be raised in the Criminal Cases.

6. <u>Violation of Automatic Stay</u>: This is the only theory propounded by Debtor that is within the purview of this Court's jurisdiction. The argument is premised upon the involvement of the named individuals in scheduling and conducting hearings in the

4

Criminal Cases, but Debtor has not established that the automatic stay applies to that conduct.

An individual injured by a willful violation of the automatic stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." § 362(k). However, criminal actions and proceedings are excepted from the automatic stay. § 362(b)(1). Therefore, the setting or conducting of hearings in the Criminal Cases does not violate the stay.

The Court notes that, even if the relief requested by Debtor were legally appropriate, Debtor has provided neither specific facts nor competent evidence to support her allegations. The Court strongly encourages Debtor to seek the assistance of counsel. Debtor's numerous unmeritorious filings, which often rehash issues previously decided by this Court, are a waste of court resources and could potentially lead to a finding that Debtor is a vexatious litigant.

The Court will enter a separate order in accordance with this Memorandum Decision.

**\*\*\* END OF MEMORANDUM DECISION\*\*\***

**Court Service List**

Rosale Aubree Guancione
P.O. Box 90452
San Jose, CA 95109

Dawn Saindon
Santa Clara County Superior Court
111 W. St. John Street
San Jose, CA 95113

Dawn Saindon
Santa Clara County Superior Court
191 N. First Street
San Jose, CA 95113

Hon. David A. Cena
Santa Clara County Superior Court
111 W. St. John Street
San Jose, CA 95113

Hon. David A. Cena
Santa Clara County Superior Court
191 N. First Street
San Jose, CA 95113

John Mark Rorabaugh
801 Parkcenter Drive, Suite 205
Santa Ana, CA 92705

Hon. Sunil Kulkarni
Santa Clara County Superior Court
111 W. St. John Street
San Jose, CA 95113

Hon. Sunil Kulkarni
Santa Clara County Superior Court
191 N. First Street
San Jose, CA 95113

All Pro Bail Bonds
1100 N. First Street, Suite A
San Jose, CA 95112